## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| JESSIE ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CA 20-0525-MU |
| | ) | |
| KILOLO KIJAKAZI, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

### <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Jessie Allen brings this action, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") denying his claim for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"). The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Doc. 24 ("In accordance with the provisions of 28 U.S.C. 636(c) and Fed. R. Civ. P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case, … order the entry of a final judgment, and conduct all post-judgment proceedings.")). *See* Doc. 26. Upon consideration of the administrative record, Allen's

brief, the Commissioner's brief, and Allen's reply brief,[1]  it is determined that the

Commissioner's decision denying benefits should be reversed and remanded.[2]

## I. PROCEDURAL HISTORY

On September 14, 2018, Allen applied for a period of disability and DIB, under

Title II of the Act, 42 U.S.C. §§ 423-425. (Page ID. 184-87). His application was denied

at the initial level of administrative review on December 10, 2018. (Page ID. 116-20). On

December 28, 2018, Allen requested a hearing by an Administrative Law Judge (ALJ).

(Page ID. 124-27). After a hearing was held on November 14, 2019 (Page ID. 85-101),

the ALJ issued an unfavorable decision finding that Allen was not under a disability from

July 31, 2018, through the date of the decision, January 28, 2020. (Page ID. 70-84).

Allen appealed the ALJ's decision to the Appeals Council, which denied his request for

review on September 25, 2020. (Page ID. 59-64). After exhausting his administrative

remedies, Allen sought judicial review in this Court, pursuant to 42 U.S.C. §§ 405(g) and

1383(c). (Doc. 1). The Commissioner filed an answer and the social security transcript

on June 2, 2021. (Docs. 14, 15). Both parties filed briefs setting forth their respective

positions. (Docs. 18, 20, 22). The parties waived oral argument. (Docs. 25, 27).

## II. CLAIMS ON APPEAL

Allen alleges that the ALJ's decision to deny him benefits is in error for the

following reasons:

---

[1] The parties elected to waive oral argument. *See* Docs. 19, 21.

[2] Any appeal taken from this Order and Judgment shall be made to the Eleventh Circuit
Court of Appeals. *See* Doc. 24. ("An appeal from a judgment entered by a Magistrate
Judge shall be taken directly to the United States Court of Appeals for the judicial circuit
in the same manner as an appeal from any other judgment of this district court.").

1) the ALJ violated the Social Security Regulations by ignoring Allen's documented treatment with prescription pain medication;

2) the ALJ violated 20 C.F.R. § 404.1520(a)(3) in her assessment of the treating physician's opinion;

3) the ALJ failed to fulfill her duty to fully and fairly develop the record regarding Allen's knee impairment; and

4) the Residual Functional Capacity (RFC) assigned by the ALJ was not supported by substantial evidence.

(Page ID. 344-45).

### III.  <u>BACKGROUND FACTS</u>

Allen, who was born on November 17, 1963, was almost 55 years old at the time he filed his claim for benefits. (PageID. 184). Allen initially alleged disability due to scoliosis in his back and hypertension. (PageID. 211). At the hearing before the ALJ, he testified that he is unable to work due to back and knee pain and problems. (PageID. 89). Allen graduated from high school in 1982 and has had no additional schooling or specialized training. (PageID. 212). In the fifteen years prior to filing his claim, he worked for one year as a janitor and for approximately thirteen years as a tirebuilder at a tire manufacturer. (PageID. 212). He left his employment at the tire manufacturer due to his conditions, specifically because of his back problem and his knees. (PageID. 89). He reported that, during the day, he manages his personal care without assistance, watches television, and can make a light lunch. (PageID. 92-93). He has a driver's license but does not drive due to back pain. (PageID. 94). He lives with his girlfriend who works, does all of the house cleaning and cooking, and mows the yard.

## IV.  ALJ'S DECISION

After conducting a hearing on this matter, the ALJ determined that Allen had not been under a disability from July 31, 2018, through the date of the decision, January 28, 2020, and thus, was not entitled to benefits. (PageID. 73-81). The ALJ found that Allen had the following severe impairments: thoracolumbar scoliosis, degenerative disc disease, and obesity. (PageID. 75). The ALJ found that his hypertension was non-severe. (*Id.*). She noted that Allen also alleged an impairment due to arthritis of the knees but determined that it was not a medically determinable impairment because Allen did not have limitation of motion or strength in his knees and had not had any imaging of his knees. (PageID. 76). The ALJ found that he did not have an impairment or combination of impairments that met or medically equaled a listed impairment. (*Id.*). The ALJ determined that he had the residual functional capacity (RFC) to perform the full range of medium work. (PageID. 76-80). She concluded that, while Allen is unable to perform any past relevant work, there are jobs that exist in significant numbers in the national economy that he can perform. (PageID. 80-81).

## V.  STANDARD OF REVIEW

Eligibility for DIB requires that the claimant be disabled. 42 U.S.C. §§ 423(a)(1)(E). The claimant must establish disability on or before his date last insured ("DLI"). A claimant is disabled if the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The impairment must be severe, making the claimant unable to do the claimant's previous

work or any other substantial gainful activity that exists in the national economy. 20

C.F.R. §§ 404.1505-11. "Substantial gainful activity means work that … [i]nvolves doing

significant and productive physical or mental duties [that] [i]s done (or intended) for pay

or profit." 20 C.F.R. § 404.1510.

In all Social Security cases, an ALJ utilizes a five-step sequential evaluation in

determining whether the claimant is disabled:

> (1) whether the claimant is engaged in substantial gainful activity; (2) if
> not, whether the claimant has a severe impairment; (3) if so, whether the
> severe impairment meets or equals an impairment in the Listing of
> Impairment in the regulations; (4) if not, whether the claimant has the
> RFC to perform her past relevant work; and (5) if not, whether, in light of
> the claimant's RFC, age, education and work experience, there are other
> jobs the claimant can perform.

*Watkins v. Comm'r of Soc. Sec.,* 457 F. App'x 868, 870 (11th Cir. 2012) (per curiam)

(citing 20 C.F.R. §§ 404.1520(a)(4), (c)-(f), 416.920(a)(4), (c)(f); *Phillips v. Barnhart,* 357

F.3d 1232, 1237 (11th Cir. 2004)) (footnote omitted). The claimant bears the burden of

proving the first four steps, and if the claimant does so, the burden shifts to the

Commissioner to prove the fifth step. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir.

1999). However, placement of the burden to prove disability on the claimant does not

relieve the ALJ of the duty to develop a full and fair record. *See Sims v. Astrue*, Civ. A.

No. 3:09-cv-366-CSC, 2010 WL 2952686, at *2 (M.D. Ala. July 26, 2010) (citing *Kelley

v. Heckler*, 761 F.2d 1538 (11th Cir. 1985)).

If the claimant appeals an unfavorable ALJ decision, the reviewing court must

determine whether the Commissioner's decision to deny benefits was "supported by

substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc.

Sec.,* 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted); *see* 42 U.S.C. § 405(g).

"Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel*, 631 F.3d at 1178 (citations omitted).  "In determining whether substantial evidence exists, [the reviewing court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The reviewing court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Id*. When a decision is supported by substantial evidence, the reviewing court must affirm "[e]ven if [the court] find[s] that the evidence preponderates against the Secretary's decision." *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986).

## VI. <u>DISCUSSION</u>

As set forth above, Allen has asserted four reasons why he argues the Commissioner's decision to deny him benefits is in error. Based on the finding below that the third asserted error requires remand to the Commissioner, the Court pretermits its discussion of the remaining issues. *See Jenkins v. Colvin*, CA 2:12-00465-N, 2013 WL 3465190, at *2 (S.D. Ala. July 10, 2013).

Allen contends that the ALJ erred in this case because she did not develop a full and fair record, mainly because she did not seek a consultative examination that included knee imaging studies even as she, at least in part, based her decision on the lack thereof. As noted above, even though a claimant has the burden of proving disability, the ALJ has a concomitant duty to develop a full and fair record. *See Sims*, 2010 WL 2952686, at *2 (citing *Kelley v. Heckler*, 761 F.2d 1538 (11th Cir. 1985)). In *Sims v. Apfel*, 530 U.S. 103 (2000), the Supreme Court stated that "Social Security

6

proceedings are inquisitorial rather than adversarial;" therefore, the ALJ has a duty "to investigate the facts and develop the arguments both for and against granting benefits." *Id.* at 110-11, *quoted in Cox v. Astrue,* No. 5:11-CV-02319-LSC, 2012 WL 4008953, at *5 (N.D. Ala. Sept. 12, 2012). An ALJ's affirmative duty to develop a full and fair record, in certain cases, "extends to obtaining a consultative examination when the same would be of benefit in the administrative process." *Waits v. Astrue*, CV 12-J-2371-NE, 2013 WL 625311, at *4 (N.D. Ala. Feb. 20, 2013) (citing 20 C.F.R. §§ 404.1517; 416.917); *accord Cox,* 2012 WL 4008953, at *5 ("The Commissioner's duty to develop the record includes ordering a consultative examination if one is needed to make an informed decision.") (citing *Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir. 1984) (citing, in turn, *Ford v. Sec'y of Health & Human Servs.*, 659 F.2d 66, 69 (5th Cir. Unit B 1981))). "The failure of an ALJ to order a consultative examination, when such an evaluation is necessary to make an informed decision, constitutes justifiable cause for a remand to the Commissioner." *Rease v. Barnhart*, 422 F. Supp. 2d 1334, 1372 (N.D. Ga. 2006) (citing *Reeves*, 734 F.2d at 522 n.1). "In determining whether it is necessary to remand a case for development of the record, [a court should consider] 'whether the record reveals evidentiary gaps which result in unfairness or clear prejudice.'" *Salazar v. Comm'r of Soc. Sec.*, 372 F. App'x 64, 67 (11th Cir. 2010) (quoting *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995) (per curiam)).

In this case, Allen alleged that one of the reasons he was limited in his ability to work was due to problems with his knees. The ALJ addressed this allegation, stating:

> Regarding the claimant's alleged arthritis of the knees, I note there is no objective imaging of the claimant's knees

anywhere in the record. The claimant had a full range of
motion in all extremities when examined by Dr. Gill, an
independent medical examiner, in November 2018 (Exhibit
3F). The claimant did not complain of knee pain during this
examination (Exhibit 3F). The claimant has not had any
complaints of knee pain until December 2018, when the
claimant presented to his treating physician to have disability
paperwork filled out and requested the doctor note all of his
ailments, after which the doctor noted that his knees "pop"
with movement (Exhibit 4F). The claimant was noted in July
2019 and in October 2019 to have equal strength in the
lower extremities and a normal gait and station (Exhibit 8F).
As the claimant has not had any limitation of motion or
strength in his knees and has not had any imaging, I find that
the claimant's arthritis of the knees is not a medically
determinable impairment.

(Page ID. 76). A review of Allen's medical reports that are included in the Transcript

filed by the Commissioner in this case reveal that, contrary to the ALJ's statement, knee

issues were noted in Dr. Travis's records on Allen's first visit on March 21, 2018 where

she noted that, upon examination, "KNEES POP WITH MOVEMENT." (Page ID. 269).

The ALJ specifically stated that Allen "had a full range of motion in all extremities when

examined by Dr. Gill, an independent medical examiner, in November 2018." (Page ID.

76). However, Dr. Gill's records specify that strength and range of motion were tested

on Allen's shoulders, elbows, wrists, fingers/hands, cervical spine, thoracic spine,

thoracolumbar spine, and lumbosacral spine. (Page ID. 280-81). No mention is made of

strength or range of motion being tested on either of Allen's knees. (*Id*.). Allen reported

to Dr. Travis on December 20, 2018, that he was experiencing bilateral knee pain.

(Page ID. 285). She noted again that his knees pop with movement but did note full

range of motion in all joints. (*Id*.). Her assessment about his knees was unspecified

internal derangement of right and left knees. (Page ID. 286). On the Medical Source

Statement signed by Dr. Travis on March 25, 2019, she noted that he has degenerative

arthritis in both knees. (Page ID. 291).

In addition to the discrepancies noted above, the Court finds significant in its

analysis of this issue the following statement made by the ALJ at the conclusion of the

November 2019 hearing:

> ALJ: I'm going to ask you to go get an x-ray. You'll be notified
> by the state agency to report to a certain location at a certain
> time to get an x-ray of your thoracic and lumbar area to see
> about the scoliosis area.
>
> * * *
>
> Atty: Will his knees be x-rayed as well?
>
> ALJ: Dr. Travis did not x-ray his knees, Dr. Timberlake did not
> x-ray his knees [sic] indicates to me that that's not as severe
> an impairment as his back. Under either scenario, if the
> knees are bad, we're below medium. If the back is bad, we're
> below medium. I'm just going to spend the cash on the back
> since that is the primary impairment here.

(Page ID. 100). The ALJ acknowledges here that if imaging showed that his knees "are

bad," he would not be able to perform the full range of medium work.

A review of the ALJ's decision reveals that much of the discounting of Allen's

reported impairments due to his knees was based upon the lack of x-rays or other

imaging of his knees. The failure to acknowledge all of the doctors' notes concerning his

knees, the failure to give credence to Allen's subjective complaints about his knees, and

the refusal to order imaging studies of the knees, while seemingly acknowledging that

such studies could show that his "knees are bad" and place him below the ability to do

the full range of medium work, supports Allen's argument that the ALJ erred in this case

by ordering images of his back, but not his knees.[3] In addition, the ALJ appears to substantiate her conclusions concerning Allen's alleged knee impairment in large part to the lack of x-rays or other imaging. The instant case bares similarities to the *Sims* case; therefore, the Court finds that it is instructive here. *See Sims v. Astrue*, Civ. A. No. 3:09-cv-366-CSC, 2010 WL 2952686, at *2 (M.D. Ala. July 26, 2010).

In *Sims,* the plaintiff, who had lumbar degenerative disc disease, was sent for a consultative examination without a request for additional imaging. 2010 WL 2952685, at *4. Imaging had been done several years prior to the period at issue. *Id.* However, the claimant had been complaining of a worsening condition. Noting that such evidence is necessary "when the claimant's medical sources do not give sufficient medical evidence to make a determination as to disability," the court explained that it was "at a loss as to why the ALJ would order a consultative physical examination without also requesting additional imaging be done, particularly in light of the nature of the plaintiff's complaints." *Id*.  This Court feels at a similar loss. The *Sims* court found that the "inadequate development of the record" necessitated  remand because "the court [could not] determine whether the ALJ's conclusion that the plaintiff [was] not disabled [was] based on substantial evidence." *Id.* at *5. Likewise, here, this Court cannot determine whether the ALJ's conclusion that Allen was not disabled was based on substantial evidence.

"In determining whether remand is appropriate in cases such as this one, the Court must balance an ALJ's duty to develop a full and fair record against a claimant's

---

[3] This is especially troubling since x-rays had already been taken of his back prior to the hearing but not of his knees. (Page ID. 271-72).

responsibility to prove disability." *Jenkins*, 2013 WL 3465190, at *6. Considering the nonadversarial nature of Social Security administrative proceedings, the Court finds that the scale tips in favor of remand in this case.

## **CONCLUSION**

It is **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff Jessie Allen's claim for benefits be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89 (1991), for further proceedings not inconsistent with this decision. The remand pursuant to sentence four of § 405(g) makes Plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *Shalala v. Schaefer*, 509 U.S. 292 (1993), and terminates this Court's jurisdiction over this matter.

**DONE** and **ORDERED** this the **11th** day of **May, 2022**.

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**